UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEANNIE FRANCES BELL, | Case No. 17-CV-3284 (SRN/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JAMES ARTHUR NILSSON, | |
| Defendant. | |

Plaintiff Jeannie Frances Bell alleges that she has been subjected to harassment by Defendant James Arthur Nilsson. The allegations raised against Nilsson are serious; Bell claims, among other things, that Nilsson has taken unwanted pictures and videos of her and her family, threatened to disclose confidential medical information, and generally "instilled fear [and] intimidation." (Compl., [Docket No. 1], 4). The Court assumes, for purposes of this Report and Recommendation, that the factual allegations in the complaint are true. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Nevertheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Bell alleges that this Court has jurisdiction over the lawsuit because it raises a federal question, but the causes of action presented by Bell — harassment, intimidation, invasion of privacy, and slander — are matters entirely of state law, not federal law.[1] (See, [Docket No. 1], 3). Accordingly, 28 U.S.C. § 1331 cannot provide a basis

---

[1] Bell does allege that Nilsson's conduct amounts to a "violation of due process," Compl. at 5, but by all indications, Nilsson is a private citizen, not a state actor, and thus not amenable to suit for violations of constitutional rights. See, e.g., Carlson v. Roetzel & Andress, 552 F.3d 648,
(continued...)

for subject-matter jurisdiction over those claims. See, e.g., Schantz v. White Lightning, 502 F.2d 67, 69 (8th Cir. 1974). Both Bell and Nilsson appear to be citizens of Minnesota, (see, [Docket No.1], 1-2), and in any event, Bell does not contend that diversity of citizenship provides a basis for subject-matter jurisdiction, see 28 U.S.C. § 1332(a). No other source of federal subject-matter jurisdiction is apparent from the face of the complaint. This lawsuit belongs in state court, not federal court.

Without subject-matter jurisdiction, this Court cannot proceed. See Fed. R. Civ. P. 12(h)(3). Accordingly, it is hereby recommended that this matter be dismissed, without prejudice to Bell's rights to relitigate this matter in an appropriate forum.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff Jeannie Frances Bell's application to proceed *in forma pauperis*, [Docket No. 2], be DENIED.

Dated: August 3, 2017  
 s/Leo I. Brisbois  
Leo I. Brisbois  
United States Magistrate Judge

## NOTICE

---

[1](...continued)
650 (8th Cir. 2008).

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).